UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA IN: )<br>)<br>SECURITIES AND EXCHANGE )<br>COMMISSION, )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>BIOPURE CORPORATION, THOMAS )<br>MOORE, HOWARD RICHMAN, and JANE )<br>KOBER, )<br>)<br>      Defendants. )<br>)| MISC No. 1:06-00380 (JR)<br><br>(Related Case: Civ. No. 05-11853-PBS<br>Pending in the U.S. District Court<br>for the District of Massachusetts) |

**OPPOSITION OF THOMAS A. MOORE TO REQUEST FOR EXTENSION OF TIME BY THE UNITED STATES FOOD AND DRUG ADMINISTRATION**

By failing to oppose Mr. Moore's motion to compel, and instead seeking an extension of time pending its full satisfaction of the subpoenas, the U.S. Food and Drug Administration ("FDA") implicitly *concedes* the motion. Indeed, the FDA's premise is that, because it professes the intention to produce additional documents in the latter half of September, an extension of time may moot the need for a response. *See* FDA Mot. at 3. In other words, the FDA asks the Court and Mr. Moore to trust that it will, without a court order or a binding commitment, finally provide the remaining documents in four weeks. Even if this suggestion were plausible, which it demonstrably is *not* in view of the FDA's history of delay in this matter, it is wholly inadequate.

The FDA has offered no justification for yet more delay in responding to document requests issued on *March 24, 2006*. Indeed, the FDA's motion is all the more dilatory in view of the court-imposed document production deadline in the underlying case of *July 1,* and the exhortation by Presiding Judge Saris on March 16 that the FDA should produce documents in

RECEIVED
AUG 2 4 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

response to a proper request "immediately." Mar. 16, 2006 Tr. at 7-8 (Moore Mot. Ex. 11). Certainly, the FDA lead counsel's one-week vacation is no excuse for delay which, as Mr. Moore explained in his motion to compel (at 2), has already caused him to suffer litigation prejudice in the underlying case.

As for the "salient facts" that Mr. Moore has allegedly overlooked (FDA Mot. at 2), it is the FDA that misapprehends them. *First*, it is of no moment that Magistrate Judge Kay "quashed" substantially broader and more burdensome subpoenas in the underlying case (*id.*), because he issued this ruling before the D.C. Circuit's decision in *Yousuf v. Samatar*, 451 F.3d 248 (D.C. Cir. 2006). Moreover, the FDA's document production of June 28, 2006 had nothing to do with *Yousuf*; it was *not* in response to Mr. Moore's subpoena, but rather to the SEC's *Touhy* request. *See* FDA Letter of June 28, 2006 (Moore Mot. Ex. 9). Further, Mr. Moore's subpoena was never "narrowed," nor was the FDA's document production remotely close to being complete on June 28, as the FDA concedes. *See* FDA Mot. at 2.

*Second*, although undersigned counsel has conferred with FDA counsel regarding the documents and depositions at issue (*id.*), these discussions have revealed only the FDA's delaying tactics. Tellingly, the FDA's recent steps toward satisfying Mr. Moore's remaining discovery requests have come only *after* he filed his motion to compel. As for the documents, Mr. Moore's motion to compel explains that the FDA omitted three substantial categories of documents from its June 28 production. *See* Moore Mot. at 5-6. The FDA now professes to have produced documents in one of these categories (email attachments) *to the SEC* on August 18 – one week later than the initially proffered date of August 11. Mr. Moore has not yet been provided with these documents. As for the depositions, the FDA authorized them by letter dated August 21 – *five months* after they were requested. *See* FDA Mot. at 3. Contrary to the FDA's

2

assertion that the depositions may proceed at Mr. Moore's leisure, however, he cannot reasonably be expected to conduct them until he receives all of the FDA documents, whenever that might be. Given the October 31, 2006 deadline for all discovery in the underlying case, this situation is untenable.

For these reasons, it is wholly inappropriate for the FDA to request this Court's approval to delay satisfying Mr. Moore's five-month old subpoena for an additional four weeks. Based upon the FDA's fundamental concessions, it would be appropriate for the Court to *grant* Mr. Moore's motion to compel and require the FDA to produce the remaining documents at issue no later than five days after the Court's order.

## CONCLUSION

For the foregoing reasons, Mr. Moore's motion to compel should be granted, and the FDA required to produce the remaining documents no later than five days after the Court's order.

Respectfully submitted,

Bobby R. Burchfield (D.C. Bar No. 289124)
Jason A. Levine (D.C. Bar No. 449053)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, D.C. 20005-3096
Tel.: (202) 756-8000
Fax: (202) 756-8087

Edward P. Leibensperger
Jeffrey S. Huang
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
Tel.: (617) 535-4000
Fax: (617) 535-3800

Date: August 24, 2006

*Counsel for Defendant Thomas A. Moore*

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA IN: )<br>)<br>SECURITIES AND EXCHANGE )<br>COMMISSION, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>BIOPURE CORPORATION, THOMAS )<br>MOORE, HOWARD RICHMAN, and JANE )<br>KOBER, )<br>)<br>   Defendants. )<br>_____ ) | MISC. No. 1:06-00380 (JR)<br><br>(Related Case: Civ. No. 05-11853-PBS<br>Pending in the U.S. District Court<br>for the District of Massachusetts) |

## [PROPOSED] ORDER

The Court, having considered *Non-Party United States Food and Drug Administration's ("FDA") Motion to Extend Time to Respond to Defendant Thomas Moore's Motion to Compel Responses to Subpoenas*, the *Opposition* thereto, and all pertinent argument, hereby:

1. DENIES the FDA's Motion to Extend Time;

2. GRANTS Thomas Moore's aforementioned Motion to Compel; and

3. ORDERS the FDA to produce the remaining documents at issue in the aforementioned Motion to Compel no later than five days from the date of this Order.

                   _____
                   James Robertson, U.S.D.J.

Date: _____, 2006

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Opposition of Defendant Thomas A. Moore to Motion for Extension of Time was served by First-Class U.S. Mail, postage prepaid, on this 24th day of August, 2006, upon

> Claire Whitaker, Esq.
> Assistant United States Attorney
> Office of the United States Attorney for the District of Columbia
> 555 Fourth Street, N.W.
> Washington, D.C. 20001
>
> Carl Turner, Esq.
> Office of Chief Counsel
> U.S. Food and Drug Administration
> 5600 Fishers Lane, Mail Code: GCF-1
> Rockville, MD 20857-0001
>
> *Counsel for United States Food and Drug Administration*

and upon

> Ian D. Roffman, Esq.
> U.S. Securities and Exchange Commission
> Boston District Office
> 33 Arch Street
> Boston, MA 02110
>
> *Counsel for United States Securities and Exchange Commission*

By: /s/ Jason A. Levine