UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE )
COMMISSION, )
  )
  Plaintiff, )
  )
v. ) Misc. No. 1:06-00380(JR)
  )
BIOPURE CORPORATION, THOMAS )
MOORE, HOWARD RICHMAN, and )
JANE KOBER, )
  )
  Defendants. )
_____)

**NON-PARTY UNITED STATES FOOD AND DRUG ADMINISTRATION'S
OPPOSITION TO DEFENDANT THOMAS MOORE'S MOTION TO COMPEL**

The United States Food and Drug Administration ("FDA"), by and through its undersigned counsel, respectfully submits this opposition to defendant Thomas Moore's motion to compel compliance with Moore's third-party subpoenas for documents and testimony from FDA employees. As detailed below, FDA has addressed the issues raised in Moore's motion by providing documents responsive to Moore's third-party subpoenas and complying with Moore's request to take the depositions of four FDA employees. Because FDA has complied with Moore's discovery requests, the pending motion should be denied as moot.

**I. BACKGROUND**

Thomas Moore is one of the remaining defendants in a civil enforcement action filed by the Securities and Exchange Commission ("SEC") in the United States District Court for the District of Massachusetts. See SEC v. Biopure, et al., Civ. No. 05-11853 (D. Mass. filed Sept. 14, 2005). SEC's complaint alleges, among other things, that Biopure Corporation and several of its current and former executives, including Moore, violated securities laws by

misrepresenting the status of biologic license applications pending with FDA. Id. FDA is not a party to the case. Moreover, FDA has not participated in any of the pretrial scheduling conferences referenced in Moore's motion to compel.

FDA, however, did provide documents to SEC, pursuant to 21 C.F.R. § 20.85, during the course of its investigation, and permitted three employees to be deposed by SEC after receiving written requests from SEC in accordance with FDA regulations. See 21 C.F.R. § 20.1; see also Ex. A, Declaration Gilliam B. Conley, Director of the Division of Inspections and Surveillance, FDA, Center for Biologics Evaluation and Research ("CBER"), Office of Compliance and Biologics Quality (hereinafter "Conley Decl.") at ¶ 7. After SEC initiated its case in 2005, SEC asked FDA for permission to release copies of the documents obtained from FDA, and transcripts of the SEC's investigatory depositions of FDA employees. Id. at ¶ 8. FDA granted SEC's request, and redacted copies of the documents and transcripts were subsequently provided to the defendants. Id.

On March 24, 2006, Moore requested additional documents and testimony from FDA pursuant to its disclosure regulations, 21 C.F.R. §§ 20.2 and 20.1. See Moore Mot. Compel, Exs. 1-6. Moore's request for documents identified nine separate categories of documents. Id. Simultaneously, Moore issued third-party subpoenas for such documents and testimony to FDA. Id.

On April 3, 2006, FDA informed Moore that, pursuant to then-applicable precedent concerning the applicability of Rule 45 to federal agencies, see SEC v. Biopure et al., Misc. No. 05-00506, (D.D.C. Jan. 20, 2006), his subpoenas were unenforceable on FDA. See Moore Mot. Compel, Ex. 7. FDA also explained why complying with the subpoenas would be unduly

2

burdensome. Id. FDA noted, however, that Moore's requests for testimony and documents pursuant to 21 C.F.R. §§ 20.2 and 20.1 would be reviewed in accordance with agency procedures. Id.

In an effort to obtain documents for Moore in an expedited manner, SEC requested the documents from FDA under 21 C.F.R. § 20.85, which authorizes FDA to provide documents to other federal agencies. See Ex. A, Conley Decl. at ¶¶ 3, 10. SEC's request, dated April 21, 2006, sought seven of the nine categories of documents identified in Moore's request to FDA. See Moore Mot. Compel, Ex. 8. SEC did not request (1) communications between FDA and SEC concerning the defendants in SEC's case, and (2) documents concerning the policy of inter-agency cooperation between FDA and SEC. Id. at ¶ 10.

Upon receiving SEC's request, FDA completed a thorough search to obtain responsive documents, which included direct contact with each of the FDA employees identified in Moore's subpoenas. Id. at ¶ 11. On June 28, 2006, FDA provided SEC with approximately 400 pages that were responsive to SEC's request for documents under 21 C.F.R. § 20.85. Ex. B, June 28, 2006 Correspondence from FDA to SEC. In providing the documents to SEC, FDA noted that trade secret information had been redacted from some of the documents pursuant to 21 U.S.C. 331(j), which prevents the release of such information. Id. However, deliberative process information was not redacted, nor was Biopure's confidential commercial information. Id. Because the documents contained significant commercial information belonging to Biopure, SEC was not permitted to release the documents directly to Moore until Biopure had reviewed the documents and consented to their release. Id.

3

Shortly before these documents were received by Moore, the Court of Appeals for the D.C. Circuit issued an order in an unrelated case that held that the government was subject to Rule 45 subpoenas. See Yousuf v. Samantar, 451 F.3d 248 (D.C. Cir. 2006); Moore Mot. Compel, Ex. 16. Consistent with this development, FDA initiated a search for documents responsive to the two categories of documents that were in Moore's subpoenas, but omitted from SEC's request under 21 C.F.R. § 20.85. Ex. A, Conley Decl. at ¶ 13; see also Ex. C, Declaration of Beth Brockner Ryan, Chief of the Access Litigation and Freedom of Information Branch, Office of Communication, Training and Manufacturers Assistance, CBER, FDA (hereinafter "Brockner Ryan Decl.") at ¶¶ 8-9; and Ex. D, Declaration of Anne Smith, Testimony Specialist, FDA's Office of Regulatory Affairs, Office of Enforcement, Division of Compliance Policy (hereinafter "Smith Decl.") at ¶ 6.

On July 28, 2006, Moore requested the production of additional documents, such as email attachments, that Moore believed should have been provided with FDA's June 28, 2006 response. See Moore Mot. Compel, Ex. 17. After receiving this request, FDA reviewed the documents provided and confirmed that certain attachments were indeed missing. See Ex. A, Conley Decl. at ¶ 14. On August 17, 2006, FDA provided SEC with approximately 170 pages of additional documents in response to Moore's July 28, 2006 request. Id. at ¶ 16. Consistent with FDA's June 28, 2006 release, these documents were redacted prior to being released to SEC. Thereafter, SEC was permitted to release the documents to Moore after pre-release review by Biopure of its confidential commercial information. Id.

On August 10, 2006, before receiving the additional documents being assembled by FDA, Moore filed the instant motion to compel. Moore's motion noted that certain attachments

4

were missing from documents provided by FDA. Moore Mot. Compel at 5-6. Moore stated that FDA had not provided documents responsive to two categories identified in his subpoenas: (1) communications between FDA and SEC concerning the defendants in SEC's case, and (2) documents concerning the policy of inter-agency cooperation between FDA and SEC. Id. Finally, Moore's motion asserted that FDA had not responded to his request to take the depositions of several FDA employees. Id.

On August 21, 2006, FDA notified Moore that FDA had approved his request to take the depositions of four FDA employees. See Ex. E, August 21 Correspondence from FDA to Moore. These depositions are presently scheduled to take place this month.

On September 14, 2006, the Department of Justice ("DOJ"), on behalf of FDA, provided counsel for Moore with 200 pages that were responsive to his request for documents concerning the policy of inter-agency cooperation between FDA and SEC. Ex. F, September 14 Correspondence to Moore; Ex. D, Smith Decl. at ¶ 9. Because these documents did not contain any confidential commercial information of Biopure's, they were provided directly to Moore. Id.

Also on September 14, 2006, FDA sent 581 pages to SEC for release to Moore after pre-release review by Biopure. Ex. G, September 14, 2006 Correspondence from FDA to SEC. The 581 pages included, in part, documents obtained in response to Moore's subpoena request for communications between FDA and SEC concerning the defendants. See Ex. A, Conley Decl. at ¶ 19; Ex. C, Brockner Ryan Decl. at ¶ 10. The September 14, 2006 release also included documents provided by an FDA employee who conducted a supplemental search for documents. Ex. C, Conley Decl. at ¶ 19.

5

In addition, on September 22, 2006, FDA provided SEC with 122 additional pages that had been located by a second FDA employee who had completed supplemental search for documents. Ex. H, September 22, 2006 Correspondence from FDA to SEC. The September 22, 2006 release contained 122 pages because some of the newly-obtained documents were found to be non-responsive or duplicative. See Ex. C, Brockner Ryan Decl. at ¶ 12. As with FDA's releases on June 28, August 18, and September 14, 2006, these additional documents were redacted to prevent the release of trade secret information or information that is otherwise privileged. Id.[1] Similarly, because confidential commercial information belonging to Biopure was not redacted, the documents could only be released to Moore after pre-release review by Biopure. See Ex. H.

## II. ARGUMENT

District courts have broad discretion in reviewing discovery matters. Brune v. Internal Revenue Service, 861 F.2d 1284, 1288 (D.C. Cir. 1988); In re Multi-Piece Rim Products Liability Litigation, 653 F.2d 671, 679 (D.C. Cir. 1981) (affirming district court decision to deny motion to compel discovery from non-party witnesses). Suffice it to say, in the present situation, where the information sought in the subpoena and in the motion to compel has been provided, plaintiff's motion to compel is rendered moot.

As detailed below, FDA, a federal agency that is not a party to the underlying action, has worked diligently to comply with Moore's extensive requests for documents and testimony, and has addressed all of the matters raised in his motion to compel.

First, on June 28, 2006, FDA provided approximately 400 pages that responded to seven of the nine categories of documents identified in Moore's subpoenas. These documents were

---

[1] Privilege logs for all releases are attached as Exhibit I, hereto.

6

provided to SEC for subsequent release to Moore after pre-release review by Biopure.

Second, after being notified by Moore that FDA's June 28, 2006 release omitted certain e-mail attachments, FDA located the missing attachments and provided them to SEC for release to Moore.

Third, on August 21, 2006, FDA notified Moore that FDA had approved his request to take the depositions of FDA employees. FDA and Moore have tentatively set the depositions for October 17, 19, 23, 24, and 26.

Fourth, to the extent FDA's June 28, 2006 release did not contain documents responsive to two of the nine categories of documents identified in Moore's subpoenas, FDA located responsive documents and, on September 14, 2006, provided them either directly to Moore or to SEC for release to Moore after pre-release review by Biopure.

Fifth, on September 14 and September 22, 2006, FDA provided several hundred additional pages to SEC for release to Moore after Biopure review. These additional documents had recently been obtained from FDA employees who had completed supplemental searches for responsive materials.

FDA's efforts, both before and after Moore filed the instant motion, demonstrate a rigorous, good faith effort to comply with Moore's requests. Because the issues raised in Moore's request have been adequately addressed by FDA, and FDA has complied with Moore's requests for documents and testimony, Moore's motion should be denied as moot.

### III. CONCLUSION

For the foregoing reasons, defendant Moore's motion to compel should be denied as moot.

Respectfully submitted,

*/s/ Jeffrey A. Taylor/dwh*
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

*/s/ Rudolph Contreras/dwh*
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

*/s/ Claire Whitaker*
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

OF COUNSEL:
Daniel Meron
General Counsel

Sheldon T. Bradshaw
Chief Counsel
Food and Drug Division

Eric M. Blumberg
Deputy Chief Counsel, Litigation

Michael Shane
Associate Chief Counsel
United States Department of
Health and Human Services
Office of the General Counsel

## CERTIFICATE OF SERVICE

I certify that the accompanying Non-party FDA's Opposition to Defendant's Moore's Motion to Compel was served on:

Steven J. Crimmins, Esq.
John J. Dempsey, Esq.
Bingham McCutchen LLP
1120 20th Street, NW
Suite 800
Washington, DC 20036

Robert A. Buhlman, Esq.
Donald J. Savery, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

Thomas J. Dougherty, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108

John D. Hughes, Esq.
Edwards & Angell LLP
101 Federal Street
Boston MA 02110

Bobby Roy Burchfield, Esq.
Jason Levine, Esq.
McDermott Will & Emery LLP
600 13th St., N.W.
Washington, D.C. 20005

Edward P. Leibensperger, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109

Ian D. Roffman, Esq.
United States Securities and Exchange Commission
33 Arch St., 23rd Floor
Boston, MA 02110-1424

by first class mail, prepaid, this 3rd day of October, 2006.

/s/ Claire Whitaker

CLAIRE WHITAKER, D.C. BAR # 354530
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7137