# EXHIBIT B



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Food and Drug Administration
Rockville, MD 20857

June 28, 2006

Securities and Exchange Commission
Boston District Office
6th Floor
73 Tremont Street
Boston, Massachusetts 02108

Attention: Ian D. Roffman

Dear Mr. Roffman:

The Center for Biologics Evaluation and Research (CBER) has concluded its review and redaction of certain documents you requested, pursuant to 21 C.F.R. § 20.85, in your April 21, 2006 letter to Gilliam B. Conley, Director of the Division of Inspections and Surveillance within the Office of Compliance and Biologics Quality. In that letter, you requested certain documents that the defendants in SEC v. Biopure, Civ. A. No. 05-118653-PBS (D. Mass.) seek as discovery in that case. You also sought authority to further disclose those documents to the defendants.

Mr. Elder authorized me to review the documents you have identified, and to provide you with the records you seek, subject to the limitations set forth in her letter, a copy of which is attached hereto. I have done that, and enclosed those records with this letter. As Mr. Elder's letter states, you may not disclose these documents to the defendants in that case until you obtain consent from Biopure to disclose its CCI to those defendants and provide FDA with a copy of the letter or document memorializing Biopure's consent.

If you have any questions, please contact me at 301-827-6350 or by email at Gilliam. Conley@fda.hhs.gov or Mike Druckman, Esq., at 301-827-5168, or by email at Michael.druckman@fda.hhs.gov.

Sincerely,

Gilliam B. Conley
Director, Division of Inspections and Surveillance
Office of Compliance and Biologics Quality
Center for Biologics Evaluation and Research

Enclosures.



DEPARTMENT OF HEALTH & HUMAN SERVICES

Food and Drug Administration
Rockville, MD 20857

June 28, 2006

Securities and Exchange Commission
Boston District Office
6th Floor
73 Tremont Street
Boston, Massachusetts 02108

Attention: Ian D. Roffman

Dear Mr. Roffman:

This letter responds to your April 21, 2006, request pursuant to 21 CFR 20.85 for documents that the defendants in SEC v. Biopure, Civ. A. No. 05-11853-PBS (D.Mass.) seek as discovery in that case, and for further authorization to disclose those documents to the defendants.

I have authorized Mr. Gilliam Conley and Dr. Maureen Knippen from FDA's Center for Biologics Evaluation and Research to provide directly to you the documents that you request, subject to the following limitations. First, as you acknowledge in your request, the U.S. Food and Drug Administration (FDA) is prohibited by 21 U.S.C. § 331(j) from disclosing trade secret information outside the Department of Health and Human Services. All trade secret information will be redacted from those documents.

Second, as you also acknowledge in your letter, many of the responsive documents contain confidential commercial information (CCI) that belongs to Biopure Corporation ("Biopure"). You represented in your request that the individual defendants were in the process of obtaining Biopure's consent to disclose to them in this case any and all CCI that is contained in the responsive documents. To date, we have not received a copy of Biopure's consent. Consequently, our authorization for you to further disclose these documents to the defendants in this case other than Biopure is contingent on your obtaining and providing FDA with a copy of Biopure's consent.

Third, many of the responsive documents contain deliberative process documents that are privileged. FDA has delegated authority to waive that privilege in appropriate circumstances. In this matter, FDA has determined that it is appropriate to waive the privilege for documents that reveal FDA's deliberative process for decisions that have already been made, such as to place Biopure's Investigational New Drug application (IND) on clinical hold and to send Biopure a Complete Response letter in response to its Biologics License Application (BLA). However, FDA has determined that it is not appropriate to waive the deliberative process privilege for records that reflect FDA's current deliberations about determinations that have not yet been

made. For that reason, FDA will withhold any documents that disclose deliberations on decisions that have not been made.

Fourth, to the extent the documents contain information revealing confidential information that an entity other than Biopure owns, or that would be protected from a public disclosure request under 5 U.S.C. § 552(b)(6) or (b)(7), FDA will withhold those documents or redact the documents to the extent necessary to protect that confidential information.

Finally, as you communicated by voicemail to Associate Chief Counsel Mike Druckman, the defendants have agreed, at least for the time being, to stay their requests for personnel files of certain individuals (item 8 in your letter) and for complete response letters (item 9 in your letter).

If you have any questions, please contact Dave Krawetz of my office at 240-632-6841. Additionally, you may also contact the following individuals: Gilliam B. Conley, CBER, at 301-827-6220 or by email at gilliam.conley@fda.hhs.gov; Dr. Maureen Knippen, CBER, at 301-827-6351 or by email at Maureen.knippen@fda.hhs.gov, or Mike Druckman, Esq., at 301-827-5168, or by email at Michael.druckman@fda.hhs.gov.

Sincerely,

David K. Elder
Director, Office of Enforcement