# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITY AND EXCHANGE COMMISSION, )
)
    Plaintiff, )
)
    v. ) MISC. No. 06-00380(JR)
)
BIOPURE CORPORATION, THOMAS MOORE, )
HOWARD RICHMAN, and JANE KOBER, )
)
    Defendants. )

### DECLARATION OF BETH BROCKNER RYAN

I, Beth Brockner Ryan, declare as follows:

1. I am the Chief of the Access Litigation and Freedom of Information Branch (ALFOI) of the Office of Communication, Training and Manufacturers Assistance (OCTMA) at the Center for Biologics Evaluation and Research (CBER) of the United States Food and Drug Administration (FDA) located in Rockville, Maryland. My duties include supervising the branch that processes and responds to requests made pursuant to the Freedom of Information Act ("FOIA") for documents in the possession of CBER. At my direction, FDA personnel search records systems for documents under CBER's control to identify documents that may be responsive to individual FOIA requests, and redact privileged information. The branch also reviews and redacts CBER documents prior to posting them on FDA's website pursuant to the 1996 Electronic Freedom of Information Act Amendments (EFOIA). In addition, the branch is responsible for producing documents in

response to court orders and federal subpoenas, and for redacting documents in response to requests from state governments and foreign governments under existing memoranda of understanding.

2. I have been the Branch Chief of ALFOI since November 2002. From August 2002 through October 2002, I was on a detail as the acting Branch Chief of ALFOI. From August 1999 until August 2002, I worked as a Consumer Safety Officer in the Congressional and Oversight Branch of OCTMA, CBER. From August 1989 until August 1999, I worked as a Biologist in CBER's Office of Blood Research and Review.

3. The statements made in this declaration are based upon my personal knowledge, upon information made known to me in my official capacity, and upon information about which I have become knowledgeable.

4. I am familiar with the referenced case and the Motion to Compel filed by counsel for Thomas A. Moore ("Moore"), one of the individual defendants in SEC's case. I am also familiar with the efforts made by FDA to provide documents to counsel for Mr. Moore in this case.

5. On March 24, 2006, counsel for Moore submitted a request to FDA for documents and testimony under 21 C.F.R. §§ 20.2 and 20.1. Moore's request for documents identified nine separate categories of documents. Moore also sent third-party subpoenas to FDA for the documents and testimony. On April 3,

2006, FDA informed Moore that his subpoenas were unenforceable pursuant to then-applicable precedent concerning Rule 45 of the Federal Rules.

6. On April 21, 2006, in an effort to obtain documents for Moore in an expedited manner, SEC submitted a request to FDA under 21 C.F.R. § 20.85, which allows FDA to provide documents to other federal agencies. Unlike requests for information received under FOIA, requests received from federal agencies under 21 C.F.R. § 20.85 are not processed by my office, but rather are processed by CBER's Office of Compliance and Biologics Quality (OCBQ).

7. SEC's request under 21 C.F.R. § 20.85 sought seven of the nine categories of documents identified in Moore's request to FDA. Under standard operating procedures, it was OCBQ's responsibility to respond to the SEC's requests. The two items that SEC did not request were: (1) communications between FDA and SEC concerning the defendants in SEC's case, and (2) documents concerning the policy of inter-agency cooperation between FDA and SEC.

8. In August 2006, after the Court of Appeals for the D.C. Circuit issued an order in an unrelated case that held that government agencies were subject to Rule 45 subpoenas, my office was asked to conduct a search for one of the two categories of documents that were identified in Moore's subpoenas but not

3

listed in SEC's § 20.85 request. Specifically, my office was asked to search for CBER documents concerning communications between FDA and SEC about the defendants in SEC's case.

9. ALFOI requested the two CBER offices that were likely to have responsive documents to conduct a search. After reviewing the documents provided by these two CBER offices, ALFOI determined that a CBER employee of a third office may also have responsive documents, and ALFOI asked that individual to conduct a search.

10. After ALFOI completed its search for responsive documents as described above, ALFOI was informed that OCBQ had received approximately 500 additional pages that it believed were responsive to SEC's § 20.85 request. Because the documents were also believed to be responsive to Moore's subpoenas, and in light of the D.C. Circuit's decision with respect to Rule 45, my office assumed responsibility for redacting these records, as my office is responsible for processing responses to subpoenas. ALFOI redacted the documents identified in this paragraph as well as the documents identified in paragraph 9 for trade secret information, personal privacy information, attorney-client privilege, certain deliberative process information, and third-party confidential commercial information (CCI)(i.e., parties other than Biopure).

11. In order to provide documents to Moore as

4

efficiently as possible, FDA utilized the release process in place for providing documents to SEC pursuant to 21 C.F.R. § 20.85, where CCI belonging to Biopure is not redacted from the documents. Rather, the documents are provided to SEC and then turned over to Moore after SEC obtains Biopure's pre-release review and consent. I am aware that these documents, numbered FDACBEROCTMA0001 to FDACBEROCTMA0563 were provided to SEC on September 14, 2006, and will be produced to Moore as soon as Biopure can complete its pre-release review.

12. While ALFOI was in the process of redacting the first set of additional pages received by the OCBQ, we were notified that the OCBQ had received a second group of additional documents, approximately 175 pages, that it believed were responsive to SEC's request under 21 C.F.R. § 20.85 and to Moore's subpoenas. ALFOI identified 122 pages that were within the date ranges supplied by Moore's subpoenas and were non-duplicative. As before, ALFOI became involved in the redaction of these records and handled them in the same way it processed the documents described in paragraph 10 of this declaration. I am aware that these documents, numbered FDACBEROCTMA0564 to FDACBEROCTMA0686, were provided to SEC on September 22, 2006, and will be provided to Moore as soon as Biopure completes its pre-release review.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of

5

perjury that the foregoing is true and correct.

_Beth Brockner Ryan_
Beth Brockner Ryan

Executed on Oct. 2, 2006, in Rockville, MD