# EXHIBIT E





**DEPARTMENT OF HEALTH & HUMAN SERVICES**                    Public Health Service

Food and Drug Administration
Rockville MD 20857

VIA FEDERAL EXPRESS

August 21, 2006

Jason A. Levine, Esquire
McDermott, Will & Emery
600 Thirteenth Street, N.W.
Washington, D.C. 20005-3096

Mary-Pat Cormier
Edwards Angell Palmer & Dodge LLP
111 Huntington Ave.
Boston, MA 02110-1424

Re:    Requests for FDA testimony related to *SEC v. Biopure Corp., et al.*, Civ. No. 05-11853-PBS (D.Mass)

Dear Mr. Levine and Ms. Cormier:

This letter responds to your letters dated March 24, 2006, and March 29, 2006 to the United States Food and Drug Administration (FDA). Collectively, your letters request the testimony of six FDA employees: Dr. Lawrence Landow, Dr. Toby Silverman, Franklin Stephenson, Dr. Abdu Alayash, Dr. Basil Golding, and Dr. Jay Epstein. You both state that you seek their testimony to obtain evidence with which to defend your respective clients, Thomas Moore and Howard Richman, in *SEC v. Biopure Corp., et al.*, Civ. No. 05-11853-PBS (D.Mass) (hereinafter *SEC v. Biopure*). For the reasons set forth below, I grant your request for testimony from Drs. Landow, Silverman, Alayash, and Golding, and from Mr. Stephenson, but only for testimony relevant to defending against the SEC's claims in the lawsuit, as we describe more specifically below. I decline your request for testimony from Dr. Epstein, for the reasons set forth below.

I.    Background

As you know, FDA has issued regulations that govern the testimony of FDA employees. Section 20.1 of Title 21 of the Code of Federal Regulations prohibits any FDA employee from providing testimony before any tribunal pertaining to any information acquired in the discharge of his or her official duties except with the express authorization of the Commissioner, or an employee designated to act on the Commissioner's behalf. As Director, Office of Enforcement, I have been delegated the authority by the Commissioner to review any requests made under 21 C.F.R. §20.1.

Congress has charged the FDA with the authority to enforce the Federal Food, Drug, and Cosmetic Act (FDCA) and other laws aimed at protecting the nation's health. In fulfilling this vital function, FDA regulates well more than 100,000 businesses involved in the annual manufacture, import, storage, promotion, sale, and distribution of nearly one trillion dollars worth of foods, drugs, devices, biological products, and cosmetics. FDA has limited resources and must continuously make difficult policy decisions as to how it may best allocate its limited staff and restricted budget. Were FDA to routinely grant requests for testimony in

cases involving products regulated by the agency, key agency personnel would spend an inordinate amount of time preparing for and providing such testimony, thereby substantially inhibiting FDA's ability to effectively safeguard the public health.

Section 20.1 allows the agency to allocate its limited resources in an efficient manner best designed to protect the public health. That regulation provides that the Commissioner (or his designee) may grant a request for testimony if it is determined that the testimony requested is (1) "in the public interest," and (2) "will promote the objectives of the [FDCA] and the [FDA]." 21 C.F.R. § 20.1 (c). Due to the vast number of requests that FDA receives for agency employees to participate in litigation to which FDA is not a party, it is not in the public interest for agency personnel to routinely break from their public health mission to provide testimony. Consequently, FDA retains the discretion to disapprove a request for testimony, even if that request fulfills the criteria in § 20.1. See 21 C.F.R. § 20.1(c) (stating that the request "may be granted" if § 20.1(c)'s criteria are met).

II.    Your Requests for Testimony

Your March 24 and March 29 letters seek the testimony of six FDA employees for use in *SEC v. Biopure*. According to the SEC's Complaint filed September 14, 2005, in United States District Court for the District of Massachusetts, the defendants, including your two clients, "engaged in a fraudulent scheme to misrepresent and conceal from investors the truth about its applications for Food and Drug Administration ("FDA") approval of Hemopure." Complaint, ¶ 1. Specifically, the Complaint alleges that the defendants concealed from investors that FDA had placed Biopure's investigational new drug application (IND) on clinical hold. Complaint, ¶ 5. Furthermore, the Complaint alleges that the defendants concealed from investors that Biopure had received a complete response letter from the FDA, made false statements about Biopure's dealings with FDA, and failed to disclose the true scope and nature of the deficiencies in Biopure's biologics license application (BLA) for Hemopure that FDA identified in its complete response letter. Complaint, ¶ 5.

Mr. Levine, your March 24 letter states that you seek testimony from Dr. Landow, Dr. Silverman, and Mr. Stephenson because they provided sworn testimony to the SEC during the SEC's investigation and because the SEC has identified them as SEC witnesses at trial. Your supplemental letter dated April 24, 2006, states that even though the SEC did not designate Dr. Alayash as a potential fact witness, Dr. Alayash's testimony is indispensable to Mr. Moore's defense for several reasons. First, you state that the SEC's case concerns public statements and disclosures that the defendants made regarding FDA's pre-market review of Hemopure, and that many of the SEC's allegations concern FDA correspondence and communications involving Biopure's BLA for Hemopure. Second, you argue that as the FDA's scientific lead for the BLA, Dr. Alayash was an important evaluator and decisionmaker in the FDA's review of the BLA. Finally, you argue that Dr. Alayash's input was incorporated into the FDA's July 30, 2003 complete response letter, which you maintain is the "single most important document" in the SEC's case.

As to the prerequisites in section 20.1 as to when FDA may authorize testimony, namely, when the testimony requested is (1) "in the public interest," and (2) "will promote the objectives of the [FDCA] and the [FDA]," you state that the SEC and the FDA have announced a joint task force to help protect the investing public and maintain the integrity of the securities markets. You maintain that "a necessary component of both goals is the right of the accused to defend himself against the SEC's allegations, particularly in view of the FDA's policy of neutrality in matters unrelated to FDA business."

Ms. Cormier, your March 29 letter on behalf of Mr. Richman incorporates testimony requests contained in a February 1, 2006 letter from Biopure's counsel and in a March 2, 2006 letter from Thomas J. Dougherty on all the defendants' behalf. The February 1, 2006 letter lists the same four witnesses that Mr. Levine listed above, and provides no basis for a request under section 20.1. The March 2 letter lists two additional witness, Dr. Basil Golding and Dr. Jay Epstein. Although the March 2 request does limit the subject matter of the testimony sought to testimony that "concerns the allegations in a federal complaint filed on September 15, 2005, by the U.S. Securities and Exchange Commission," that letter does not explain why you need the testimony to defend your client.

IV.    Discussion

I conclude that authorizing Drs. Landow, Silverman, Basil, and Alayash, and Mr. Franklin to provide you with deposition testimony on specific issues listed below that are relevant to your clients' defense in *SEC v. Biopure* would be in the public interest and will promote the objectives of the FDCA and the FDA. I conclude, for a number of reasons, that authorizing Dr. Epstein to provide you with deposition testimony would neither be in the public interest nor promote the objectives of the FDCA and FDA.

A.    Basis for and Scope of the Depositions Granted

As discussed above, under section 20.1(c), FDA may grant a request for testimony from FDA employees if the Commissioner's designee determines that such testimony (1) will be in the public interest and (2) will promote the objectives of the Federal Food, Drug, and Cosmetic Act and the FDA. The SEC, in performing its mission to maintain the integrity of the securities market and to protect the investing public, filed a Complaint against the defendants alleging that they issued misleading statements to investors about FDA's pre-market review. To the extent that testimony from FDA witnesses is necessary for the SEC to prosecute its case, that testimony is clearly in the public interest. Similarly, if withholding such testimony would deny the defendants a fair opportunity to defend themselves, and therefore risk having the Court dismiss the case, allowing such testimony would also be in the public interest.

As to the objectives of the Federal Food, Drug, and Cosmetic Act (FDCA) and the FDA, the FDCA states that FDA's mission includes "taking appropriate action on the marketing of regulated products . . . ." FDCA, § 903(b)(1). Furthermore, the FDCA states that the Secretary of HHS, through FDA's Commissioner, is responsible for "establishing and implementing general policies respecting the management and operation of programs and activities of the [FDA]," *id.,* § 903(d)(2)(A), and for conducting "public information programs relating to the responsibilities of the FDA . . . ." *Id.,* § 903(d)(2)(D). The SEC's Complaint and Action against the defendants in *SEC v. Biopure* seeks remedies against the defendants for making misrepresentations to the public about actions that FDA had taken on Biopure's application to market an FDA-regulated product. I conclude that allowing FDA employees to testify about those appropriate FDA actions, to the extent that it will further the SEC's effort to prevent and deter misrepresentations about FDA pre-market review, will constitute an appropriate policy respecting the operation of FDA activities, and will help fulfill the Commissioner's responsibility to conduct public information programs relating to the responsibilities of the FDA.

Because the SEC has named Dr. Landow, Dr. Silverman and Mr. Franklin as trial witnesses, their testimony is obviously important for the SEC's case, and allowing the defendants to take their depositions also appears to be a prerequisite to allowing the case to proceed forward. In addition,

given that the SEC alleges that the defendants failed to disclose the true scope and nature of the deficiencies that FDA's July 30, 2003 complete response letter identified, it appears that a prerequisite for the case to proceed would be allowing the defendants to take the depositions of Dr. Golding, who signed that letter, and Dr. Alayash, who concurred with the letter and communicated with Biopure about FDA's premarket review.

However, my authorization is limited to testimony relevant to the SEC's allegations and to the defendants' defense. Specifically, I authorize each of those employees to testify:

1. About FDA's decision to place Biopure's IND for Hemopure on clinical hold, as memorialized in the April 25, 2003 letter from Dr. Golding to Dr. Richman;

2. About FDA's decisions to maintain the clinical hold on Biopure's IND for Hemopure, as memorialized letters from Dr. Golding to Dr. Richman dated May 30, 2003, and July 30, 2003;

3. About the July 30, 2003 complete response letter from the FDA; and

4. About Biopure's dealings and communications with FDA relating to the above-referenced decisions and letters.

I do not authorize those employees to testify about or reveal the following:

1. Biopure's trade secrets;

2. Biopure's confidential commercial information, unless prior to the depositions Biopure provides a written waiver of its privilege over confidential commercial information elicited from these employees, or Biopure and both of you and your clients obtain a protective order from the Court deeming the deposition transcripts and information disclosed during the depositions not to be disclosures to members of the public under 21 C.F.R. § 20.21, and prohibiting the persons attending the depositions and obtaining the transcripts from further disclosing them;

3. Trade secrets or confidential commercial information held by other companies, individuals, or entities;

4. Attorney-client communications between those employees and government lawyers;

5. Personal privacy information of individuals who are not parties to this lawsuit; and

6. Information on FDA's deliberations regarding decisions that have not been made yet.

My basis for excluding those categories of information is that either FDA is prohibited by law from disclosing that information, or testimony about those categories of information would not satisfy the standards set forth in 21 C.F.R. § 20.1.

Finally, I am granting the authorization above in reliance on the agreement among the defendants, which SEC attorney Ian Roffman memorialized in his April 21, 2006 letter to both of you, that defendants "collectively, will depose each witness only once and that each defendant will not have a separate opportunity to depose these witnesses." That understanding is critical to my determination that granting these deposition requests would not unduly interfere with these

witnesses' official duties or inappropriately diminish the agency's resources needed to perform its statutory functions. In that regard, my authorization is also premised on the understanding that you will accommodate the witnesses' schedules, and will conduct the depositions at locations most convenient to those witnesses, such as at their ordinary places of business in Rockville and Bethesda, Maryland.

B.  Reasons for denying request for Dr. Epstein's testimony

Ms. Cormier, in addition to testimony from the five witness above, your request incorporates a request for testimony from Dr. Jay Epstein concerning "the allegations in a federal complaint filed on September 15, 2005, by the U.S. Securities and Exchange Commission . . . against the defendants in the U.S. District Court for the District of Massachusetts." The SEC did not name Dr. Epstein as a trial witness, and you provided no basis for seeking his testimony under section 20.1. Pursuant to the discretion that section 20.1 provides to the FDA Commissioner or his designee, I decline to authorize Dr. Epstein to provide you deposition testimony for the following reasons.

Dr. Epstein is currently employed as the Director, Office of Blood Research and Review (OBRR), at the Center for Biologics Evaluation and Research, U. S. Food and Drug Administration (FDA). In his capacity as Office Director, he supervises a group of approximately 150 people who are engaged in the regulation of and scientific research on blood products, such as red cells and immune globulins; diagnostic tests used to screen blood donors, such as tests for antibodies and nucleic acids of HIV; and other blood-related products, such as cell separation machines. He is also responsible for policy development in all areas of blood safety, including donor deferral criteria and product standards.

Although the Division of Hematology is within OBRR, it is just one of several divisions that report to Dr. Epstein. Dr. Epstein delegated responsibility for reviewing Biopure's Hemapure applications to Dr. Golding, the Director of the Division of Hematology. Dr. Epstein did not communicate with Biopure on the issues described above, nor did he play any active role in reviewing Biopure's applications or FDA's decisions on those applications. Consequently, Dr. Epstein is not in a position to testify about communications between Biopure and FDA or about the matters authorized above. Forcing managers like Dr. Epstein, who oversee a vast number of people, applications, and issues, to testify about every matter under their purview would prevent them from performing their daily duties, and would unduly burden the agency's resources and ability to perform its statutory responsibilities.

For those reasons, I deny your request to take Dr. Epstein's deposition.

If you have any questions, please contact Carl Turner, Esq., Office of Chief Counsel, at 301- 827-1146, or Ms. Anne Smith at 240-632-6844.

Sincerely,

David Elder
Director
Office of Enforcement

5

bcc:

HFC-1
HFC-200
HFC-230 (chron, r/f, Smith, Rhoads, Krawetz, Aims# 2006-2592,#2006-2862,#2006-3180,tesfile)
HFM-1
HFM-300 (JEpstein)
HFM-330 (BGolding)
HFM-345 (AAlayash)
HFM-380 (FStephenson)
HFM-392 (LLandow, TSilverman)
GCF-1 (MDruckman. CTurner, EBlumberg,AKempic)
HFA-224