# EXHIBIT F



U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530*

September 14, 2006

## VIA FEDEX MAIL

Jason A. Levine
McDermott, Will & Emery LLP
60 Thirteenth Street, N.W.
Washington, D.C. 20005

      Re:    Securities and Exchange Commission v. Biopure Corp., et al.,
               Misc. No. 06-00380-JR (D.D.C);Civil Action No. 05-11853-PBS
               (D.Mass.)

Dear Mr. Levine:

      In response to your motion to compel discovery from the Food and Drug Administration ("FDA"), a non-party in the captioned proceedings, and pursuant to our discussion, I am enclosing 200 pages (FDA OE 001 - 200) that are responsive to your requests for documents concerning the "policy of inter-agency cooperation between the FDA and the SEC to increase the public's protection from false and misleading statements" and "communications between FDA and the SEC . . . relating to Biopure Corporation, Thomas A. Moore, Howard Richman, and/or Jane Kober."

      FDA has also identified 581 pages that supplement FDA's previous release of documents to your client in this matter. These additional documents contain significant Biopure commercial information. Therefore, consistent with prior FDA document releases in this matter, this second group of documents has been sent to the Securities and Exchange Commission ("SEC"), who will coordinate their release to you after they are reviewed by Biopure.

      Additionally, please note that FDA is presently completing its review of approximately 175 pages that were identified in the past few days. FDA is expediting its review of this third group of documents, and expects to forward them to SEC next week so that they can be provided to you after Biopure review.

      Pursuant to our understanding, FDA has not identified or will not produce any documents that constitute attorney-client communications, attorney work product, or attorney-to-attorney communications. Furthermore, the documents being produced have been redacted to protect

trade secrets and applicable privileges, as well as to limit the release of non-responsive information.

To the extent your motion to compel concerned your efforts to depose several FDA employees, it is my understanding that you are communicating directly with FDA's Office of Chief Counsel to finalize dates in October for the depositions. I look forward to attending these depositions, and hope that you will share the final dates with me when they are finalized.

As you are aware, FDA has made a significant effort to provide documents to your client and the other parties in the referenced case. First, to the extent FDA provided documents and testimony to SEC during SEC's investigation into Biopure's action, all such documents and transcripts of all FDA testimony have been provided to your client. Second, consistent with your request for particular FDA documents, FDA provided approximately 400 pages to SEC on June 28, 2006. Such documents were provided to your client after review by Biopure. Third, at your request, FDA obtained an additional 170 pages of e-mail attachments, which were also provided to your client after Biopure review.

In light of the efforts described in this letter, I believe the issues described in your motion to compel have been addressed. However, to the extent you would like to discuss this matter further, please do not hesitate to contact me at 202-5147-7137.

                            Sincerely,

                            KENNETH L. WAINSTEIN
                            United States Attorney

By:                                       
                            CLAIRE WHITAKER
                            Assistant United States Attorney

cc:    Carl Turner
       Michael Shane