# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Heather L. Sidwell
Associate
hsidwell@mwe.com
202.756.8334

October 10, 2006

**BY FACSIMILE AND HAND DELIVERY**

Michael Shane, Esq.
Associate Chief Counsel
Office of Chief Counsel
U.S. Food and Drug Administration
5600 Fishers Lane
Mail Code: GCF-1
Rockville, Maryland 20857-0001

Re:  *S.E.C. v. Biopure Corp.*, Civ. No. 05-11853-PBS (D. Mass.)

Dear Mr. Shane:

In connection with the above-referenced matter, and pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, please find the enclosed subpoena requiring a representative of the Center for Biologics Evaluation and Research to appear and provide testimony on Tuesday, October 31, 2006, at 9:00 a.m. at the office of McDermott Will & Emery LLP, located at 600 Thirteenth Street, N.W., Washington, DC 20005. We further request that, on or before October 20, 2006, the FDA identify to us the person or persons who will testify on the subject matters set forth in Schedule A to the enclosed subpoena.

Although the D.C. Circuit decision in *Yousuf v. Samantar* contemplates this subpoena, if necessary for administrative purposes, please construe this letter and accompanying materials as a *Touhy* request as well. The testimony is necessary to the defense of Thomas Moore, defendant in the above-referenced matter, who is entitled to examine the FDA's procedures by which it responded to his requests for documents. The public interest is best served by the fair and efficient conduct of this litigation, which will be facilitated by the requested deposition.

Sincerely,

*Heather Sidwell*

Heather L. Sidwell

Enclosures

cc:  FDA Commissioner, Dr. Andew von Eschenbach
     Claire Whitaker, Esq.
     Ian Roffman, Esq. (by facsimile only)

U.S. practice conducted through McDermott Will & Emery LLP.
600 Thirteenth Street, N.W. Washington, D.C. 20005-3096  Telephone: 202.756.8000  Facsimile: 202.756.8087  www.mwe.com

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF   COLUMBIA

U.S. Securities and Exchange Commission
V.
Biopure Corporation, Thomas Moore, Howard Richman, and Jane Kober

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-11853 -PBS
(Pending in U.S. District Court for the District of Massachusetts)

TO: Center for Biologics Evaluation and Research, U.S. Food and Drug Administration, c/o Michael Shane, Esq.  Office of the Chief Counsel
   Parklawn Building    5600 Fishers Lane    Rockville, MD 20856

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McDermott Will & Emery LLP / 600 13th Street, NW / Washington, DC 20005 | October 31, 2006, at 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

  Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Thomas A. Moore   [signature: Heather Sidwell] | October 10, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Heather L. Sidwell / McDermott Will & Emery LLP / 600 13th Street, NW / Washington, DC 20005 / 202.756.8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the

AmericanLegalNet, Inc.
www.USCourtForms.com

provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## Schedule A

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the matters upon which examination of a custodian of records is requested are as follows:

1. The document collection and review procedures employed by the United States Food and Drug Administration (FDA) in response to requests for information from the Securities and Exchange Commission (SEC) from January 1, 2003 to the present, regarding: (a) Biopure Corporation ("Biopure"); (b) Biopure's public disclosures; and (c) Biopure's interactions with the FDA.

2. The document collection and review procedures employed by the FDA in response to the document requests contained in defendant Thomas A. Moore's Subpoena and *Touhy* request of March 24, 2006, and the SEC's inter-agency document request of April 21, 2006.

3. The FDA's procedures for transmitting to the SEC the documents collected and reviewed by the FDA in response to the requests contained in defendant Thomas A. Moore's Subpoena and *Touhy* request of March 24, 2006, and the SEC's inter-agency document request of April 21, 2006.

4. The persons involved, procedures used, and conclusions reached regarding: (a) Biopure's Biologics License Application (reference STN: 125066/0); and (b) Biopure's Investigational New Drug Application (reference: BB-IND 10962).