UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA IN: )<br>)<br>SECURITIES AND EXCHANGE )<br>COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BIOPURE CORPORATION, THOMAS )<br>MOORE, HOWARD RICHMAN, and JANE )<br>KOBER, )<br>)<br>Defendants. )<br>) | MISC No. 1:06-00380 (JR)<br><br>(Related Case: Civ. No. 05-11853-PBS<br>Pending in the U.S. District Court<br>for the District of Massachusetts)<br><br>**Expedited Hearing Requested** |

### REPLY OF THOMAS A. MOORE TO NON-PARTY UNITED STATES FOOD AND DRUG ADMINISTRATION'S OPPOSITION TO DEFENDANT THOMAS MOORE'S MOTION TO COMPEL

After nearly two months of delay, the U.S. Food and Drug Administration ("FDA") has filed its formal opposition to Thomas Moore's Motion to Compel, dated August 10, 2006. Notably, despite its many attestations of good faith -- and very late -- effort, the FDA fails to certify that it has in fact completed its document collection, review, and production in response to Mr. Moore's subpoena and *Touhy* request of March 24, 2006. At most, the FDA states only that it has "adequately addressed" Mr. Moore's Motion. This tepid and subjective assessment is wholly inadequate assurance that the FDA has actually satisfied Mr. Moore's discovery requests.

On October 6, the day on which Mr. Moore received the FDA's brief, his counsel reiterated to the FDA the need for certification that it has in fact completed its document discovery efforts, and counsel offered to stay the Motion to Compel pending the upcoming depositions of four FDA staffers on October 17, 19, 23, 24, and 26, respectively. *See* Letter from Heather Sidwell to Claire Whitaker, Oct. 6, 2006 (Ex. A). To date, we have received no

RECEIVED
OCT 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

response to this letter. Accordingly, we have served a subpoena upon the FDA division that was responsible for the review of Hemopure, to inquire about its document collection and production methods, among other related topics, at a deposition on October 31. *See* Ex. B. The FDA has not yet responded to the subpoena.

In view of the FDA's refusal to certify the completion of its efforts in response to Mr. Moore's subpoena and *Touhy* request of March 24, Mr. Moore requests that the Court hold in abeyance his Motion to Compel pending the upcoming deposition of FDA staffers and the intended deposition of an FDA representative regarding document discovery. Alternatively, Mr. Moore submits that the Motion should be granted, to ensure the FDA's full compliance with its obligations in this matter.

## CONCLUSION

For the foregoing reasons, Mr. Moore requests that the Court hold in abeyance his Motion to Compel pending the upcoming deposition of FDA staffers and the intended deposition of an FDA representative regarding document discovery. Alternatively, Mr. Moore requests that the Court grant his Motion to ensure the FDA's full compliance with its obligations in this matter.

Respectfully submitted,

*[signature]*

Bobby R. Burchfield (D.C. Bar No. 289124)
Jason A. Levine (D.C. Bar No. 449053)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, D.C. 20005-3096
Tel.: (202) 756-8000
Fax: (202) 756-8087
Edward P. Leibensperger
Jeffrey S. Huang
MCDERMOTT WILL & EMERY LLP
28 State Street

2

Boston, MA  02109-1775
Tel.: (617) 535-4000
Fax: (617) 535-3800

Date:   October 17, 2006

*Counsel for Defendant Thomas A. Moore*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Reply of Thomas A. Moore to Non-Party United States Food and Drug Administration's Opposition to Defendant Moore's Motion to Compel was served by First-Class U.S. Mail, postage prepaid, on this 17th day of October, 2006, upon

    Claire Whitaker, Esq.
    Assistant United States Attorney
    Office of the United States Attorney for the District of Columbia
    555 Fourth Street, N.W.
    Washington, D.C. 20001

    Michael Shane, Esq.
    Office of Chief Counsel
    U.S. Food and Drug Administration
    5600 Fishers Lane, Mail Code: GCF-1
    Rockville, MD 20857-0001

    *Counsel for United States Food and Drug Administration*

and by Federal Express, overnight delivery, upon

    Ian D. Roffman, Esq.
    U.S. Securities and Exchange Commission
    Boston District Office
    33 Arch Street
    Boston, MA 02110

    *Counsel for United States Securities and Exchange Commission*

By: *Heather Sidwell*
Heather L. Sidwell

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Heather L. Sidwell
Associate
hsidwell@mwe.com
202.756.8334

October 6, 2006

**VIA FACSIMILE**

Claire Whitaker, Esq.
Assistant United States Attorney
United States Department of Justice
555 4th Street, N.W.
Civil Division
Washington, D.C. 20530

Re:   *SEC v. Biopure*, No. 05-11853-PBS (D. Mass.), No. 1:06MS00380 (D.D.C.)
      **Certification of FDA Document Production Completion**

Dear Ms. Whitaker:

I am writing in regard to our request that the FDA provide certification that its document production obligations in the above-mentioned matter have been completed. As you will recall, in our letter to you dated September 15, 2006, we specifically requested that the FDA certify in writing the completion of its document collection efforts and document production. Despite this request, we have received no such certification, nor does the FDA's Opposition to Defendant Thomas Moore's Motion to Compel ("Opposition"), filed on October 3, 2006, provide such certification. Rather, the FDA's Opposition makes a nebulous claim that it has "adequately addressed" the issues raised in Mr. Moore's motion. Even so, we are prepared to stay Mr. Moore's motion to compel at this time. Please note, however, that we do reserve all rights – including seeking a reconvening of depositions and attorneys' fees – if the upcoming depositions of the four FDA witnesses disclose a failure by the FDA to produce all responsive documents.

Sincerely yours,

*Heather Sidwell*
Heather L. Sidwell

cc:   Michael Shane, Esq.
      Ian Roffman, Esq.

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Heather L. Sidwell
Associate
hsidwell@mwe.com
202.756.8334

October 10, 2006

### BY FACSIMILE AND HAND DELIVERY

Michael Shane, Esq.
Associate Chief Counsel
Office of Chief Counsel
U.S. Food and Drug Administration
5600 Fishers Lane
Mail Code: GCF-1
Rockville, Maryland 20857-0001

    Re:    *S.E.C. v. Biopure Corp.*, Civ. No. 05-11853-PBS (D. Mass.)

Dear Mr. Shane:

In connection with the above-referenced matter, and pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, please find the enclosed subpoena requiring a representative of the Center for Biologics Evaluation and Research to appear and provide testimony on Tuesday, October 31, 2006, at 9:00 a.m. at the office of McDermott Will & Emery LLP, located at 600 Thirteenth Street, N.W., Washington, DC 20005. We further request that, on or before October 20, 2006, the FDA identify to us the person or persons who will testify on the subject matters set forth in Schedule A to the enclosed subpoena.

Although the D.C. Circuit decision in *Yousuf v. Samantar* contemplates this subpoena, if necessary for administrative purposes, please construe this letter and accompanying materials as a *Touhy* request as well. The testimony is necessary to the defense of Thomas Moore, defendant in the above-referenced matter, who is entitled to examine the FDA's procedures by which it responded to his requests for documents. The public interest is best served by the fair and efficient conduct of this litigation, which will be facilitated by the requested deposition.

Sincerely,

*Heather Sidwell*

Heather L. Sidwell

Enclosures

cc:    FDA Commissioner, Dr. Andew von Eschenbach
       Claire Whitaker, Esq.
       Ian Roffman, Esq. (by facsimile only)

U.S. practice conducted through McDermott Will & Emery LLP.
600 Thirteenth Street, N.W. Washington, D.C. 20005-3096 Telephone: 202.756.8000 Facsimile: 202.756.8087 www.mwe.com

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

U.S. Securities and Exchange Commission
V.
Biopure Corporation, Thomas Moore, Howard Richman, and Jane Kober

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-11853-PBS
(Pending in U.S. District Court for the District of Massachusetts)

TO: Center for Biologics Evaluation and Research, U.S. Food and Drug Administration, c/o Michael Shane, Esq. Office of the Chief Counsel
Parklawn Building    5600 Fishers Lane    Rockville, MD 20856

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McDermott Will & Emery LLP / 600 13th Street, NW / Washington, DC 20005 | October 31, 2006, at 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Thomas A. Moore  /s/ Heather Sidwell | October 10, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Heather L. Sidwell / McDermott Will & Emery LLP / 600 13th Street, NW / Washington, DC 20005 / 202.756.8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the

www.USCourtForms.com

provisions of clause (c) (3) (B) (iii) of this rule. such a person may in order to attend

documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

### Schedule A

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the matters upon which examination of a custodian of records is requested are as follows:

1. The document collection and review procedures employed by the United States Food and Drug Administration (FDA) in response to requests for information from the Securities and Exchange Commission (SEC) from January 1, 2003 to the present, regarding: (a) Biopure Corporation ("Biopure"); (b) Biopure's public disclosures; and (c) Biopure's interactions with the FDA.

2. The document collection and review procedures employed by the FDA in response to the document requests contained in defendant Thomas A. Moore's Subpoena and *Touhy* request of March 24, 2006, and the SEC's inter-agency document request of April 21, 2006.

3. The FDA's procedures for transmitting to the SEC the documents collected and reviewed by the FDA in response to the requests contained in defendant Thomas A. Moore's Subpoena and *Touhy* request of March 24, 2006, and the SEC's inter-agency document request of April 21, 2006.

4. The persons involved, procedures used, and conclusions reached regarding: (a) Biopure's Biologics License Application (reference STN: 125066/0); and (b) Biopure's Investigational New Drug Application (reference: BB-IND 10962).