UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA IN:<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER,<br><br>Defendants. | CASE NUMBER  1:06MS00380<br><br>JUDGE: James Robertson<br><br>DECK TYPE: Miscellanous<br><br>DATE STAMP: 08/10/2006<br><br>(Related Case: Civ. No. 05-11853-PBS Pending in the U.S. District Court for the District of Massachusetts)<br><br>**Expedited Hearing Requested** |

### MOTION OF DEFENDANT THOMAS A. MOORE TO COMPEL COMPLIANCE WITH FEDERAL SUBPOENAS BY THE UNITED STATES FOOD AND DRUG ADMINISTRATION

Pursuant to Federal Rules of Civil Procedure 37 and 45, and the Local Rules of this Court, defendant Thomas A. Moore requests that the Court order the United States Food and Drug Administration ("FDA") to comply with five federal subpoenas issued out of this Court on March 24, 2006. As explained in greater detail in the accompanying Memorandum of Law, the FDA has complied only partially with one of these subpoenas for the production of documents, and has failed to comply at all with the other four subpoenas for the testimony of its staffers, thereby significantly prejudicing Mr. Moore's defense in this matter. Accordingly, the relief set forth in the accompanying Memorandum of Law is appropriate.

### REQUEST FOR EXPEDITED ORAL HEARING

Pursuant to Local Rule 7(f), Mr. Moore requests an expedited oral hearing on this Motion if the Court is not inclined, for whatever reason, to grant the Motion on the basis of the parties' written submissions alone. As explained in the accompanying Memorandum of Law, the

discovery sought by the subpoenas is the cornerstone of Mr. Moore's defense, and he will be significantly prejudiced if the FDA does not promptly provide this discovery. For these reasons, expedited treatment is warranted.

### STATEMENT PURSUANT TO LOCAL RULE 7(m)

Counsel for Mr. Moore have conferred with counsel for the FDA in a good faith attempt to resolve the issues involved herein, and have been unable to reach agreement. This Motion will be opposed.

Respectfully submitted,

*[signature]*

Bobby R. Burchfield (D.C. Bar No.289124)
Jason A. Levine (D.C. Bar No. 449053)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, D.C. 20005-3096
Tel : (202) 756-8000
Fax: (202) 756-8087

Edward P. Leibensperger
Jeffrey S. Huang
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
Tel.: (617) 535-4000
Fax: (617) 535-3800

Date:   August 10, 2006

*Counsel for Defendant Thomas A. Moore*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA IN: <br><br> SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER, <br><br> Defendants. | MISC. No. _____ <br><br> (Related Case: Civ. No. 05-11853-PBS Pending in the U.S. District Court for the District of Massachusetts) <br><br> **Expedited Hearing Requested** |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THOMAS A. MOORE'S MOTION TO COMPEL COMPLIANCE WITH FEDERAL SUBPOENAS BY THE UNITED STATES FOOD AND DRUG ADMINISTRATION

Thomas Moore urges the Court to compel the United States Food and Drug Administration ("FDA") to comply with subpoenas issued out of this Court on March 24, 2006, in accordance with the D.C. Circuit's decision in *Yousuf v. Samantar*, 2006 U.S. App. LEXIS 14750 (D.C. Cir. June 16, 2006), which holds that federal agencies are susceptible to subpoenas issued pursuant to Fed. R. Civ. P. 45 even if they are not parties to the underlying litigation. *Id.* at *23-27. Even though instructed on March 16, 2006, by Judge Saris, the judge presiding over the underlying case, to comply with a proper discovery request "*immediately,*" the FDA has taken *138 days* and still not come close to complete compliance. The documents and deposition testimony sought by Mr. Moore are crucial to his defense in this action, and the FDA's seemingly interminable delays will cause him serious prejudice if not halted by this Court.

The FDA has not produced the key documents, or authorized the depositions of four staffers, requested by Mr. Moore via subpoenas (and a "*Touhy*" request) dated *March 24, 2006*.

Exs. 1-5 (subpoenas to FDA and staffers) and 6 (*Touhy* request).[1] These documents, and the staffers' testimony, go to the heart of this case, but the FDA has failed even to advise Mr. Moore as to whether or when he will receive the documents or authorization to depose the staffers. Meanwhile, Mr. Moore suffers significant continuing harm to his reputation, employability, and income every day the action is pending. For this reason, merely acquiescing in the FDA's delays, and potentially a later trial date, is not a viable option for Mr. Moore. The D.C. Circuit has now agreed that unending delays by federal agencies in discovery are unacceptable, by ruling in *Yousuf* that they must comply with subpoenas in civil litigation even if they are not parties to the underlying suit. *See* 2006 U.S. App. LEXIS 14750 at *23-27.

Accordingly, Mr. Moore asks this Court to enforce his subpoenas directed to the FDA. Specifically, Mr. Moore requests that the Court order the FDA to: (1) produce all documents that are responsive to his FDA subpoena of March 24, 2006, no later than 10 calendar days from the date of the Order; and (2) produce for deposition the four FDA staffers identified by subpoenas of the same date, no later than 30 calendar days from the date of the Order.

## STATEMENT OF THE CASE

Mr. Moore's subpoenas arise out of a securities enforcement action brought by the SEC against Biopure Corporation, two of its former executives (Mr. Moore, the former Chief Executive Officer, and Howard Richman, a former Vice President), and its current General Counsel (Jane Kober) before Judge Saris in the United States District Court for the District of Massachusetts. *SEC v. Biopure Corp et al.*, Civ. No. 05-11853 (D. Mass., filed Sept. 14, 2005). The SEC alleges that the defendants engaged in a fraudulent scheme to misrepresent and conceal

---

[1] The FDA's *Touhy* regulations, 21 C.F.R. § 20.1 *et seq.*, govern its processing and treatment of document and deposition requests. *See Touhy v. Ragen*, 340 U.S. 462, 467 (1951) (federal agencies authorized to promulgate regulations governing procedures for producing documents and testimony).

from investors certain facts about Biopure's applications for FDA approval of Hemopure. The SEC's entire case is based upon the FDA's review of these applications, its communications with Biopure regarding the applications, and the steps the FDA and defendants believed were necessary to obtain marketing approval in the United States.

Despite these facts, by letter dated April 3, 2006, the FDA refused to comply with Mr. Moore's subpoenas and asked that they be withdrawn (which Mr. Moore did *not* do) Ex. 7 (FDA letter). After the submission of an inter-agency *Touhy* request by the United States Securities and Exchange Commission ("SEC") on April 21, 2006 (Ex. 8), the FDA has produced *some* of the documents sought by Mr Moore. Ex. 9 (FDA transmittal letter). However, as discussed below, the FDA has not produces many of the key documents at issue, even though it expressly *waived* any pertinent privilege. *Id.* The FDA has also failed to indicate whether or when it will make the requested witnesses available for deposition

Importantly, the FDA is no passive bystander in this case. Instead, it appears that the FDA referred the case to the SEC, and assisted with formulating the allegations contained in the Complaint. For example, an FDA letter to the SEC staff on August 8, 2003 – now one of the SEC's key Exhibits – opines that a press release issued by Biopure on August 1, 2003 "may not be a fair and accurate disclosure of information to public investors." Ex. 10. Even before the SEC filed its Complaint, the FDA produced selected documents to the SEC and made witnesses freely available for interviews and investigative depositions by SEC counsel – all without formal process. Yet the FDA has not timely responded to formal process from Mr. Moore.

The FDA has been on notice of Mr. Moore's personal need for the documents and testimony at issue since the defendants jointly filed a *Touhy* request on January 12, 2006 During a March 16, 2006 scheduling conference (prior to the decision in *Yousuf*), the presiding judge in

3

the District of Massachusetts, Judge Saris, admonished the SEC that, upon the submission of a new *Touhy* request for documents and depositions, the FDA should comply "immediately" or face a possible contempt citation *and* negative ramifications for the SEC's case at trial. *See* Mar. 16, 2006 Tr. at 7, 9-10 (Ex. 11). By agreement of all present, Judge Saris set a deadline of July 1 – 106 days later – for *all* document production, and specifically stated that it intended for this deadline to apply to the FDA. *Id.* at 18. Judge Saris also indicated that counsel for the SEC, Ian Roffman, should help defendants obtain discovery from the FDA, because otherwise the SEC's case "is going to suffer." *Id.* at 9. Judge Saris also set a deadline of October 31, 2006, for the close of all discovery, and set the trial date for January 15, 2007. *Id.* at 18, 24.

Acting promptly, on March 24, Mr. Moore submitted a proper, limited *Touhy* request seeking, as did his subpoenas of the same date: (1) nine narrow categories of FDA documents, including drafts of several individual documents; and (2) the depositions of four FDA staffers who were deeply involved in the review of Hemopure that is central to this case – Mr. Franklin Stephenson, and Drs. Toby Silverman, Laurence Landow, and Abdu Alayash. Ex. 6.[2] Mr. Moore's *Touhy* request was carefully targeted to obtain only highly relevant information and imposed no undue burden on the FDA. Tellingly, the FDA has *not* objected to any aspect of Mr. Moore's *Touhy* request.

Because of the compelling and time-sensitive need for the requested documents, Mr. Moore sought expedited processing in accordance with 21 C.F.R. § 20.44(a). The FDA *denied* this request by letter dated May 16, 2006, and stated that it would place Mr. Moore's *Touhy*

---

[2] In response to a concern voiced by the FDA to Mr. Roffman, Mr. Moore supplemented his *Touhy* request on April 24, 2006 (Ex. 12), to provide additional grounds for the deposition of Dr. Alayash, whom the SEC has not designated as a trial witness, unlike the other three identified FDA staffers.

4

document request at the back of the FOIA queue. Ex. 13. These actions guaranteed that the FDA would *not* produce documents in time for a January 2007 trial.

Apparently anticipating this outcome, on April 21, the SEC had submitted an inter-agency *Touhy* request on behalf of Mr. Moore, in an effort to receive a speedier response from the FDA as a sister agency. Ex. 8. Critically, however, the SEC's inter-agency request *omitted* two categories of documents that Mr. Moore sought in his subpoena and *Touhy* request — namely, documents relating to: (1) FDA-SEC communications about the defendants; and (2) inter-agency cooperation in enforcement matters. *Compare* Exs. 1, 6 *with* Ex. 8. These materials are relevant in view of the FDA's role as the *instigator* of this lawsuit. On May 3, 2006, counsel for Mr. Moore requested that the SEC conform its inter-agency request to his *Touhy* request. Ex. 14 (letter to Mr. Roffman). The SEC refused. Ex. 15 (letter from Mr. Roffman). Meanwhile, Mr. Moore's subpoena remained pending.

The FDA thereafter responded to the SEC's inter-agency request on Wednesday, June 28, 2006 – nearly the last possible day under the schedule set by Judge Saris. Ex. 9.[3] Of course, the FDA's production omitted the communications between the FDA and the SEC that Mr. Moore sought but the SEC did not request. The FDA also withheld substantive documents bearing upon the evaluation of Hemopure, including many attachments to produced e-mail communications, even though these documents were plainly responsive to several categories of the *Touhy* request (and to Mr. Moore's subpoena). Importantly, the FDA *waived* its "deliberative process privilege" with respect to these materials, and so has no grounds for

---

[3] Because Biopure required the opportunity to review the FDA's document production for purposes of ensuring their confidentiality *before* their dissemination to Mr. Moore, he did not ultimately receive the documents until *July 13*.

5

withholding them from production. *Id.* Moreover, FDA also did not respond to Mr. Moore's longstanding *Touhy* request to depose the four FDA staffers.

On July 11, 2006, counsel for Mr. Moore wrote to the FDA, advising it of the D.C. Circuit's decision in the *Yousuf* case, and requesting prompt and full compliance with his subpoenas of March 24, 2006. Ex. 16. On July 28, counsel for Mr. Moore notified the FDA in writing of the shortcomings of its document production. Ex. 17. In response, on August 3, FDA Associate General Counsel Carl Turner verbally indicated that the FDA would seek to produce the missing email attachments on or about August 11, but he professed an inability to make any commitments about whether or when the FDA would produce the remainder of the documents or approve the deposition of the four staffers separately subpoenaed by Mr. Moore. During another conversation with Mr. Turner on August 9, he confirmed the FDA's intention to produce the missing email attachments on August 14, and stated that the FDA had authorized a search for the unproduced FDA-SEC communications and inter-agency enforcement materials, but he was not able to estimate how long that search would take. Mr. Turner had no further information about the FDA's timetable or intentions with respect to the depositions and other documents at issue.

## ARGUMENT

### THE FDA SHOULD BE ORDERED TO COMPLY FULLY AND PROMPTLY WITH MR. MOORE'S SUBPOENAS OF MARCH 24, 2006.

As the D.C. Circuit held in the recent *Yousuf* decision, the Government and its agencies are "persons" within the meaning of Fed. R. Civ. P. 45, and accordingly are subject to subpoena regardless of whether they are parties to the underlying litigation. 2006 U.S. App. LEXIS 14750, at *23-*27. The FDA falls squarely within the ambit of Rule 45 and is subject to Mr. Moore's subpoenas. Indeed, the FDA did *not* dispute its susceptibility to subpoena when advised of the *Yousuf* decision by letter dated July 11, 2006. Ex. 16. Yet despite the pendency of Mr. Moore's

6

subpoena (and identical *Touhy* request) for *138 days*, the FDA has failed to comply fully with his straightforward and limited document and deposition requests.

Mr. Moore's defense is already suffering from the FDA's delays. For example, on August 30, Mr. Moore's counsel will depose the SEC's testifying expert witness, whose expert opinions turn on his interpretation of certain communications to Biopure from the FDA. Yet Mr. Moore still has not received various internal documents from the FDA that are crucial to his effective deposition of this expert witness. Further, Mr. Moore's own expert disclosure is due on September 6, yet his testifying expert witness may require the full evaluative record of the FDA in order to form thorough opinions. Further delay from the FDA may gravely impede the work of Mr. Moore's testifying expert.

Mr. Moore's defense would be prejudiced even further if he were forced to proceed to trial without the full discovery he has sought from the FDA. Yet he would be equally prejudiced by any significant delay of the trial date to accommodate the agency, given the serious economic and reputational harms that he suffers from the mere pendency of this lawsuit. Mr. Moore, in other words, is caught between the proverbial "rock" and "a hard place." Against the background of the continuing harms he is suffering, the FDA's inaction may be more than mere bureaucratic inertia.

The SEC, in contrast, has had the benefit of full discovery from the FDA during the investigative phase of this case, and it now stands to gain from whatever impediments Mr. Moore faces in obtaining discovery from the FDA. For these reasons, at the scheduling conference held nearly five months ago (prior to the *Yousuf* decision), Judge Saris clearly instructed the FDA to comply with a reasonable *Touhy* request "*immediately*," not "when the agency gets around to it." March 16, 2006 Tr. at 7 (Ex. 11). The FDA has not done so.

7

Accordingly, Mr. Moore urges the Court to order the FDA to comply, finally and fully, with the outstanding subpoenas dated March 24, 2006. Given the exigencies of the situation, Mr. Moore requests that the Court order FDA to: (1) produce all remaining documents that are responsive to his document subpoena within 10 calendar days from the date of the Court's Order; and (2) produce the four subpoenaed FDA witnesses for depositions within 30 calendar days from the date of the Court's Order.

## CONCLUSION

For the foregoing reasons, Mr. Moore urges the Court to grant his Motion to Compel. A proposed Order to this effect is submitted herewith.

Respectfully submitted,

*/s/ Bobby R. Burchfield*

Bobby R. Burchfield (D.C. Bar No. 289124)
Jason A. Levine (D.C. Bar No. 449053)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, D.C. 20005-3096
Tel.: (202) 756-8000
Fax: (202) 756-8087

Edward P. Leibensperger
Jeffrey S. Huang
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
Tel.: (617) 535-4000
Fax: (617) 535-3800

Date: August 10, 2006      *Counsel for Defendant Thomas A. Moore*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA IN: ) <br> ) <br> SECURITIES AND EXCHANGE ) <br> COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BIOPURE CORPORATION, THOMAS ) <br> MOORE, HOWARD RICHMAN, and JANE ) <br> KOBER, ) <br> ) <br> Defendants. ) <br> ) | MISC. No. _____ <br><br> (Related Case: Civ. No. 05-11853-PBS <br> Pending in the U.S. District Court <br> for the District of Massachusetts) |

### [PROPOSED] ORDER

The Court, having considered Defendant Thomas A. Moore's Motion to Compel, the Memoranda of Law in support thereof and in opposition thereto, and all pertinent argument, hereby ORDERS that the United States Food and Drug Administration ("FDA") shall:

(1) produce all documents that are responsive to Mr. Moore's subpoena to the FDA of March 24, 2006, no later than 10 calendar days from the date of this Order; and

(2) produce for deposition, no later than 30 days from the date of this Order, the following employees whose testimony was subject to Mr. Moore's subpoenas of March 24, 2006: (a) Mr. Franklin Stephenson; (b) Dr. Toby Silverman; (c) Dr. Laurence Landow; and (d) Dr. Abdu Alayash.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Motion to Compel and Memorandum of Law were served by hand delivery on this 10th day of August, 2006, upon

>   Claire Whitaker, Esq.
>   Assistant United States Attorney
>   Office of the United States Attorney for the District of Columbia
>   555 Fourth Street, N.W.
>   Washington, D.C. 20001
>
>   Carl Turner, Esq.
>   Office of Chief Counsel
>   U.S. Food and Drug Administration
>   5600 Fishers Lane, Mail Code: GCF-1
>   Rockville, MD 20857-0001
>
>   *Counsel for United States Food and Drug Administration*

and by Federal Express, overnight delivery, upon

>   Ian D. Roffman, Esq.
>   U.S. Securities and Exchange Commission
>   Boston District Office
>   33 Arch Street
>   Boston, MA 02110
>
>   *Counsel for United States Securities and Exchange Commission*

By: _____
    Jason A. Levine

10