# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )    Misc. No. 1:06-00380(JR) ) |
| **BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER,** | ) ) ) ) ) |
| Defendants. | ) ) |

## NON-PARTY U.S. FOOD AND DRUG ADMINISTRATION'S
## MOTION TO QUASH THIRD-PARTY SUBPOENA

The United States Food and Drug Administration ("FDA"), by and through undersigned counsel, respectfully moves this Court to quash four subpoenas for testimony [from three newly named FDA employees and a Fed. R. Civ. P. 30(b)(6) witness] served on FDA by Thomas Moore ("Moore"), one of the remaining defendants in SEC v. Biopure, et al., Civ. No. 05-11853 (D. Mass. filed Sept. 14, 2005). The depositions are set for October 30 and 31, 2006. As the agency has not completed its required review of these subpoenas pursuant to its Touhy regulations. 21 C.F.R. § 20.1, the witnesses are prohibited from testifying and Defendant Moore's counsel has been so notified.[1] In addition, undersigned counsel primarily assigned to

---

[1] These subpoenas are in addition to four other subpoenas for deposition testimony and for document production. Because FDA is currently reviewing Moore's subpoenas in accordance with 21 C.F.R. § 20.1 – and no decision has yet been reached – this motion to quash does not present any arguments with respect to such issues as the burdensomeness of Moore's 30(b)(6) subpoena, or whether the subpoena seeks testimony that is cumulative of testimony that FDA has previously provided in response to Moore's previous request for FDA testimony. Moreover, two of the three named employees no longer work for FDA.

this case has consulted with counsel for Defendant Moore who indicates that Defendant Moore will oppose this motion. A memorandum in support of this motion and a proposed Order are attached.

Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR # 434530
Assistant United States Attorney

    /s/
CLAIRE WHITAKER, D.C. BAR # 354530
Assistant United States Attorney

OF COUNSEL:
Daniel Meron
General Counsel

Sheldon T. Bradshaw
Chief Counsel
Food and Drug Division

Eric M. Blumberg
Deputy Chief Counsel, Litigation

Michael Shane
Associate Chief Counsel
United States Department of
Health and Human Services
Office of the General Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) BIOPURE CORPORATION, THOMAS ) MOORE, HOWARD RICHMAN, and ) JANE KOBER, ) ) Defendants. ) _____) | Misc. No. 1:06-00380(JR) |

### MEMORANDUM IN SUPPORT OF FDA'S MOTION TO QUASH

### I. INTRODUCTION

This matter arises from a civil action brought by the Securities and Exchange Commission ("SEC") against Biopure Corporation ("Biopure") and several of its present and former employees, including Thomas Moore, Biopure's former chief executive officer. SEC v. Biopure, et al., Civ. No. 05-11853 (D. Mass. filed September 14, 2005). The moving party, the U.S. Food and Drug Administration ("FDA") is not a party to the SEC's case.

To date, FDA has responded to Defendant Moore's subpoenas directed to FDA employees Dr. Abdu Alayash, Dr. Laurence Landow, Franklin Stephenson and Dr. Toby Silverman. It also responded to Defendant Moore's subpoena for documents and continues to search for additional documents.[2]

---

[2] In connection with FDA's document production, Defendant Moore has moved to compel and for an emergency hearing on its motion. R.1 and 10. FDA will respond separately to Defendant Moore's emergency motion for a hearing.

1

By this motion, FDA moves this Court to quash Defendant Moore's October 10, 2006, subpoena [served 10/10/06] for a Fed. R. Civ. P. 30(b)(6) witness, and his October 20, 2006, subpoenas directed toward three more present and former FDA employees [Lana L. Ogram, Marieann R. Brill and Jerome C. Davis], in addition to the four already deposed during the weeks of October 16 and 23, 2006 [Abdu Alayash, Laurence Landow, Franklin Stephenson and Toby Silverman]. FDA has not completed review of Moore's October 10 and 20, 2006, requests for testimony in accordance with FDA's Touhy regulation, 21 C.F.R. § 20.1. Because testimony will only be permitted in accordance with 21 C.F.R. § 20.1, Moore's subpoenas should be quashed.

## II. BACKGROUND

FDA's continuing efforts to provide documents and testimony to the parties in this case was recently detailed in FDA's Opposition to a Motion to Compel Third Party Discovery filed by Thomas Moore on August 10, 2006. R. 8 ("FDA's Opposition"). As detailed in FDA's Opposition, Thomas Moore is one of the remaining defendants in a civil enforcement action filed by the SEC in the United States District Court for the District of Massachusetts. See SEC v. Biopure, et al., Civ. No. 05-11853 (D. Mass. filed Sept. 14, 2005). SEC's complaint alleges, among other things, that Biopure Corporation and several of its current and former executives, including Moore, violated securities laws by misrepresenting the status of a biologic license application ("BLA") and investigational new drug application ("IND") pending with FDA. Id. As noted above, FDA is not a party to the case and has not participated in any negotiations or pretrial scheduling conferences pertaining to the case.

FDA, however, did provide documents to SEC, pursuant to 21 C.F.R. § 20.85, during the course of its investigation, and permitted three employees to be deposed by SEC after receiving written requests from SEC in accordance with FDA regulations. See 21 C.F.R. § 20.1; see also FDA's Opposition at Ex. A, Declaration Gilliam B. Conley, Director of the Division of Inspections and Surveillance, FDA, Center for Biologics Evaluation and Research ("CBER"), Office of Compliance and Biologics Quality (hereinafter "Conley Decl.") at ¶ 7. After SEC initiated its case in 2005, SEC asked FDA for permission to release copies of the documents obtained from FDA, and transcripts of the SEC's investigatory depositions of FDA employees. Id. at ¶ 8. FDA granted SEC's request, and redacted copies of the documents and transcripts were subsequently provided to the defendants. Id.

On March 24, 2006, Moore requested additional documents and testimony from FDA pursuant to its disclosure regulations, 21 C.F.R. §§ 20.2 and 20.1. See R. 1 ("Moore Mot. Compel"), Exs. 1-6. Moore's request for documents identified nine separate categories of documents. Id. Simultaneously, Moore issued third-party subpoenas for such documents and testimony to FDA. Id.

On April 3, 2006, FDA informed Moore that, pursuant to then-applicable precedent concerning the applicability of Rule 45 to federal agencies, see SEC v. Biopure et al., Misc. No. 05-00506, (D.D.C. Jan. 20, 2006), his subpoenas were unenforceable on FDA. See Moore Mot. Compel, Ex. 7. FDA also explained why complying with the subpoenas would be unduly burdensome. Id. FDA noted, however, that Moore's requests for testimony and documents pursuant to 21 C.F.R. §§ 20.2 and 20.1 would be reviewed in accordance with agency procedures. Id.

3

In an effort to obtain documents for Moore in an expedited manner, SEC requested the documents from FDA under 21 C.F.R. § 20.85, which authorizes FDA to provide documents to other federal agencies. See FDA's Opposition at Ex. A, Conley Decl. at ¶¶ 3, 10. SEC's request, dated April 21, 2006, sought seven of the nine categories of documents identified in Moore's request to FDA. See Moore Mot. Compel, Ex. 8. SEC did not request (1) communications between FDA and SEC concerning the defendants in SEC's case, and (2) documents concerning the policy of inter-agency cooperation between FDA and SEC. Id. at ¶ 10.

Upon receiving SEC's request, FDA completed a search to obtain responsive documents, which included direct contact with each of the FDA employees identified in Moore's subpoenas. Id. at ¶ 11. On June 28, 2006, FDA provided SEC with approximately 400 pages that were responsive to SEC's request for documents under 21 C.F.R. § 20.85. See FDA's Opposition at Ex. B (June 28, 2006 Correspondence from FDA to SEC). In providing the documents to SEC, FDA noted that trade secret information had been redacted from some of the documents pursuant to 21 U.S.C. § 331(j), which prevents the release of such information. Id. However, deliberative process information was not redacted, nor was Biopure's confidential commercial information. Id. Because the documents contained significant commercial information belonging to Biopure, SEC was not permitted to release the documents directly to Moore until Biopure had reviewed the documents and consented to their release. Id.

Shortly before these documents were received by Moore, the U.S. Court of Appeals for the D.C. Circuit issued an order in an unrelated case that held that the government was subject to Rule 45 subpoenas. See Yousuf v. Samantar, 451 F.3d 248 (D.C. Cir. 2006); Moore Mot.

Compel, Ex. 16. Consistent with this development, FDA initiated a search for documents responsive to the two categories of documents that were in Moore's subpoenas, but omitted from SEC's request under 21 C.F.R. § 20.85. See FDA's Opposition at Ex. A, Conley Decl. at ¶ 13; see also id. at Ex. C, Declaration of Beth Brockner Ryan, Chief of the Access Litigation and Freedom of Information Branch, Office of Communication, Training and Manufacturers Assistance, CBER, FDA (hereinafter "Brockner Ryan Decl.") at ¶¶ 8-9; and id. at Ex. D, Declaration of Anne Smith, Testimony Specialist, FDA's Office of Regulatory Affairs, Office of Enforcement, Division of Compliance Policy (hereinafter "Smith Decl.") at ¶ 6.

On July 28, 2006, Moore requested the production of additional documents, such as email attachments, that Moore believed should have been provided with FDA's June 28, 2006 response. See Moore Mot. Compel, Ex. 17. After receiving this request, FDA reviewed the documents provided and confirmed that certain attachments were indeed missing. See FDA's Opposition at Ex. A, Conley Decl. at ¶ 14. On August 17, 2006, FDA provided SEC with approximately 170 pages of additional documents in response to Moore's July 28, 2006 request. Id. at ¶ 16. Consistent with FDA's June 28, 2006 release, these documents were redacted prior to being released to SEC. Thereafter, SEC was permitted to release the documents to Moore after pre-release review by Biopure of its confidential commercial information. Id.

On August 10, 2006, before receiving the additional documents being assembled by FDA, Moore filed a motion to compel, which was assigned to Misc. No. 06-00380(JR). Moore's motion noted that certain attachments were missing from documents provided by FDA. Moore Mot. Compel at 5-6. Moore stated that FDA had not provided documents responsive to two categories identified in his subpoenas: (1) communications between FDA and SEC concerning

5

the defendants in SEC's case, and (2) documents concerning the policy of inter-agency cooperation between FDA and SEC. Id.  Finally, Moore's motion asserted that FDA had not responded to his request to take the depositions of several FDA employees. Id.

On August 21, 2006, FDA notified Moore that FDA had approved his request to take the depositions of four FDA employees. See FDA's Opposition at Ex. E (August 21 Correspondence from FDA to Moore).  FDA's letter to Moore clarified, among other things, that the four employees would be permitted to discuss FDA's decision to place a Biopure IND on clinical hold and FDA's issuance of a complete response letter to Biopure with respect to Biopure's BLA. [The first of these depositions took place on October 17, 2006; the remaining depositions took place on October 19, 23 and 24.]

On September 14, 2006, the Department of Justice ("DOJ"), on behalf of FDA, provided counsel for Moore with 200 pages that were responsive to his request for documents concerning the policy of inter-agency cooperation between FDA and SEC. See FDA's Opposition at Ex. F, September 14 Correspondence to Moore; id. at Ex. D, Smith Decl. at ¶ 9.  Because these documents did not contain any confidential commercial information of Biopure's, they were provided directly to Moore. Id.

Also on September 14, 2006, FDA sent 581 pages to SEC for release to Moore after pre-release review by Biopure. See FDA's Opposition at Ex. G, September 14, 2006 Correspondence from FDA to SEC.  The 581 pages included, in part, documents obtained in response to Moore's subpoena request for communications between FDA and SEC concerning the defendants. See FDA's Opposition at Ex. A, Conley Decl. at ¶ 19; FDA's October 6 Opposition at Ex. C, Brockner Ryan Decl. at ¶ 10.  The September 14, 2006, release also

included documents provided by an FDA employee who conducted a supplemental search for documents.  See FDA's Opposition at Ex. C, Conley Decl. at ¶ 19.

In addition, on September 22, 2006, FDA provided SEC with 122 additional pages that had been located by a second FDA employee who had completed a supplemental search for documents.  See FDA's Opposition at Ex. H, September 22, 2006 Correspondence from FDA to SEC.  The September 22, 2006 release contained 122 pages because some of the newly-obtained documents were found to be non-responsive or duplicative.  See FDA's Opposition at Ex. C, Brockner Ryan Decl. at ¶ 12.  As with FDA's releases on June 28, August 18, and September 14, 2006, these additional documents were redacted to prevent the release of trade secret information or information that is otherwise privileged.  Id.[3]  Similarly, because confidential commercial information belonging to Biopure was not redacted, the documents could only be released to Moore after pre-release review by Biopure.  See FDA's Opposition at Ex. H.

On October 17, 19, 23, and 24, plaintiff was also provided with the redacted official personnel files ("OPFs") of Drs. Alayash, Silverman and Landow, and Mr. Stephenson.

On October 10, 2006, over a year after the initiation of SEC's case and several weeks before the close of discovery, Defendant Moore issued to FDA a third-party subpoena for testimony pursuant to Federal Rule of Civil Procedure 30(b)(6), to be taken on October 31, 2006. The subpoena seeks testimony from the person or persons most knowledgeable about FDA's collection, review, and transmittal of various documents.  It also seeks testimony from the person or persons most knowledgeable about FDA's review of a particular Biopure BLA and IND. Exhibit 1, hereto.  In addition, on October 20, 2006, Defendant Moore issued subpoenas to FDA

---

[3] Privilege logs for all releases were attached as Exhibit I to FDA's October 6 Opposition.

for deposition testimony of one current FDA employee and two former FDA employees, to be taken on October 30, 2006. Exhibit 2, hereto.  The cover letters ask FDA to construe the subpoenas as a Touhy request.  Consistent with applicable regulation, 21 C.F.R. § 20.1, Defendant Moore's requests for testimony are currently being reviewed by FDA to determine whether the requests meet the regulatory criteria.

On October 20, 2006, FDA responded via facsimile and U.S. mail to the October 10, 2006, Rule 30(b)(6) subpoena and indicated that the request was being reviewed under 21 C.F.R. § 20.1 and that the subpoena should be withdrawn.  On that same day, counsel for Defendant Moore issued three additional subpoenas to FDA employees Lana Ogram, Marieann Brill, and Jerome Davis to appear and provide deposition testimony on October 30, 2006.  Two of these employees [Ogram and Davis] are no longer employed by the FDA and the third [Brill], who was not personally served is prohibited from testifying pending review pursuant to the agency's Touhy regulations.  On October 26, 2006, undersigned counsel notified counsel for Defendant Moore that his three additional subpoenas were being reviewed under FDA's Touhy regulations.

### III.  ARGUMENT

**A.   FDA Has Promulgated Binding Regulations Governing Testimony By Its Employees.**

It has long been recognized that government agencies may promulgate regulations that limit the extent to which demands for the testimony of its employees and documents will be honored in civil litigation in which the agency is not a party.  This was expressly recognized by the Supreme Court in United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).  In that case, a state prisoner in a federal habeas corpus proceeding issued a subpoena ordering an FBI agent to produce certain documents.  When the agent refused to comply because of a Department of

8

Justice regulation forbidding employees from disclosing documents unless authorized by the Attorney General or his Assistant, the agent was found in contempt of court. On appeal, the Seventh Circuit reversed and the Supreme Court affirmed, holding that a federal agency has a right to promulgate regulations governing its employees' responses to civil subpoenas in litigation to which the agency is not a party. Touhy, 340 U.S. at 468.

FDA, like most other federal agencies, has exercised its statutory authority, 5 U.S.C. § 301 and 21 U.S.C. § 371(a),[4] and established regulations governing requests for the testimony of its employees. These regulations are set forth at 21 C.F.R. § 20.1 ("§ 20.1 regulations")[5] and have the full force and effect of law. See National Association of Pharmaceutical Manufacturers v. F.D.A., 637 F.2d 877 (2d Cir. 1981). As such, these regulations have been upheld by the

---

[4] 5 U.S.C. § 301 provides:

The head of an Executive department . . . may prescribe regulations for . . . the custody, use, and presentation of its records, papers and property.

21 U.S.C. § 371(a) provides:

The authority to promulgate regulations for the efficient enforcement of [the Act] . . , is vested in the Secretary.

[5] 21 C.F.R. § 20.1 provides:

(a) No officer or employee of the Food and Drug Administration . . . except as authorized by the Commissioner of Food and Drugs pursuant to this section . . . shall give any testimony before any tribunal pertaining to any function of the Food and Drug Administration or with respect to any information acquired in the discharge of his official duties.

* * *

(c) A person who desires testimony from an employee may make written request therefor, verified by oath, directed to the Commissioner setting forth his interest in the matter sought to be disclosed and designating the use to which such testimony will be put in the event of compliance with such request . . . .

9

courts.  See Giza v. Secretary of Health, Education, and Welfare, 628 F.2d 748, 749 (1st Cir. 1980); Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health and Human Services, 844 F. Supp. 770 (D.D.C. 1993); but cf. In re: U.S. Bioscience Securities Litigation, 150 F.R.D. 80 (E.D.Pa. 1993).

The purpose of FDA's § 20.1 regulation is to allocate the agency's limited resources in an efficient manner and protect the agency's impartiality.  With a limited staff and budget, FDA could not continue to adequately regulate the nation's supply of food, drugs, and medical devices while providing experts and witnesses for the myriad of private lawsuits involving one or more FDA-regulated products.  Simply put, if private litigants could freely compel the attendance and testimony of FDA employees in such litigation, FDA's mission of protecting the public from unsafe and ineffective products would inevitably be compromised by the diversion of its employees from their official duties.  For these reasons, FDA has established a mechanism by which a centralized decisionmaker reviews each request for the testimony of agency employees.

The Commissioner of Food and Drugs addressed the need for agency control over the participation of its employees in private litigation in the 1977 preamble to the § 20.1 regulation:

> The Food and Drug administration now receives a very large number of requests for agency employees to testify in private litigation and other matters in which FDA is not a party.  Were agency employees free, or required, to testify in private litigation whenever requested, the regulatory activities of the agency could be severely disrupted.  The agency could not adequately function if its 6,500 employees were constantly preparing for and giving testimony in private litigation.  Section [20.1] is therefore necessary for the agency to fulfill its primary regulatory responsibilities.

42 Fed. Reg. 3094, 3096 (January 14, 1977).  Thus, the § 20.1 regulations preserve agency resources and the orderly functioning of the agency, guard against compromising the appearance

of impartiality, and centralize (and thereby enhance the consistency of) determinations within the agency regarding whether and to what extent demands for testimony will be honored.  See Boron Oil Co. v. Downie, 873 F.2d 67, 70 (4th Cir. 1989); see also Distaff Inc. v. Springfield Contracting Corp., 984 F.2d 108, 112 n.2 (4th Cir. 1993); see also Alexander v. FBI, 186 F.R.D. 66, 71 (D.D.C. 1998) (finding that Touhy regulations are applicable where "private litigants seek to drag a witness employed by the federal government or one of its agencies into court to offer some testimony on a particular party's behalf"); Edwards v. U.S. Dep't of Justice, 43 F.3d 312, 317 (7th Cir. 1994) (recognizing that "Touhy is party of an unbroken chain of authority that supports the . . . contention that a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations."); COMSAT Corp. v. Nat'l Sci. Found., 190 F.3d 269, 278 (4th Cir. 1999) ("When an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources.").  Moreover, only after a party has submitted a request for testimony, pursuant to 21 C.F.R. § 20.1(c), can FDA make a determination as to whether to grant the request.

      **B.**    **Federal Law Prohibits Federal Employees From Testifying.**

Moore's 30(b)(6) subpoena should be quashed because it seeks to compel testimony prohibited by federal law.  As discussed above, the determination of whether or not FDA employees will be made available to testify rests with the Commissioner of Food and Drugs.  Unless and until the Commissioner has authorized such testimony, the employee is prohibited by law from testifying about the agency's activities.  21 C.F.R. § 20.1(a)-(b).

In the present case, Moore has only recently submitted his latest request for testimony to FDA.  As such, FDA has not completed its evaluation of his request, nor has FDA made a final decision with respect to Moore's request.  Because no decision has been reached pursuant to regulation, the subpoena is invalid and should be quashed.  See United States v. Bizzard, 674 F.2d 1382, 1387 (11th Cir.), cert. denied, 459 U.S. 973 (1982); United States v. Allen, 554 F.2d 398, 406-07 (10th Cir.), cert. denied, 434 U.S. 836 (1977); Davis v. Braswell Motor Freight Lines, Inc., 363 F.2d 600, 603 (5th Cir. 1966); Colonial Savings and Loan Assoc. v. St. Paul Fire and Marine Ins. Co., 89 F.R.D. 481, 484 (D. Kan. 1980); Denny v. Carey, 78 F.R.D. 370, 372 (E.D. Pa. 1978) ("When a party seeking discovery . . . [from an agency] has not complied with the regulations, a motion for discovery of such material must be denied."); Sterling National Bank of Davie v. Camp, 307 F. Supp. 778, 780-81 (D.D.C. 1970).

Touhy makes clear that government employees cannot be forced to disobey instructions set forth by a valid federal regulation.  340 U.S. 462.  Following Touhy, numerous courts have held that government employees, who have not received permission to testify, cannot be compelled to do so.  Boron Oil Co., 873 F.2d 67, 69-70 (citing cases); Swett v. Schenk, 792 F.2d 1447, 1451 (9th Cir. 1986); United States Steel Corp. v. Mattingly, 663 F.2d 68, 68 (10th Cir. 1980); Giza, 628 F.2d 748, 751 (1st Cir. 1980); Saunders v. Great Western Sugar Co., 396 F.2d 794 (10th Cir. 1968); Jackson v. Allen Industries, Inc., 250 F.2d 629 (6th Cir. 1958), cert. denied, 356 U.S. 972 (1958); Appeal of United States Securities and Exchange Commission, 226 F.2d 501 (6th Cir. 1955); Marcoux v. Mid-State Livestock et al., 66 F.R.D. 573 (W.D. Mo. 1975); North Carolina v. Carr, 264 F. Supp. 75 (W.D.N.C. 1967), appeal dismissed as moot, 386 F.2d 129 (4th Cir. 1967).  Therefore, because no FDA employees have received permission to

testify, none should be compelled to comply with Moore's subpoenas and they should all be quashed.[6]

## IV. CONCLUSION

For the above-stated reasons, FDA respectfully requests that this Court quash Moore's subpoenas of October 10 and 20, 2006.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. BAR # 354530
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7137

OF COUNSEL:

Daniel Meron
General Counsel

---

[6] This is not to say that a court cannot review an agency's decision as to whether to grant a request for an employee's testimony. After the agency has had an opportunity to make a final decision, plaintiff may seek review of the decision and whether it constituted arbitrary or capricious action, an abuse of discretion, or other action contrary to law. See Bobreski v. EPA, 284 F. Supp. 2d 67, 73-74 (D.D.C. 2003) (holding that "[a] party challenging an agency's Touhy-based denial of a subpoena or request for testimony must proceed under the APA") (citation and quotation marks omitted); Moore v. Armour Pharmaceutical Co., 129 F.R.D. 551 (N.D.Ga 1990), aff'd, 927 F.2d 1194 (11th Cir. 1991); see also Exxon Shipping Co. v. U.S. Dep't of Interior, 34 F.3d 774 (9th Cir. 1994) (agencies may be sued for instructing employees not to testify).

Sheldon T. Bradshaw
Chief Counsel
Food and Drug Division

Eric M. Blumberg
Deputy Chief Counsel, Litigation

Michael Shane
Associate Chief Counsel
United States Department of
Health and Human Services
Office of the General Counsel